E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CARIAS, ) | |
| ) | |
| Plaintiff(s), ) | No. C07-00083 SC (BZ) |
| ) | |
| v. ) | **SECOND DISCOVERY ORDER** |
| ) | |
| LENOX FINANCIAL MORTGAGE, ) et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On August 13, 2007 the Honorable Samuel Conti referred to me plaintiff's Motion to Compel Discovery [Docket # 42] and all further discovery matters. The parties thereafter submitted position letters [see attached], and I held a telephonic conference on August 21, 2007 to discuss the discovery disputes described therein. Both parties were represented by counsel. I find no need for further briefing or argument and, for the reasons discussed on the record, **IT IS HEREBY ORDERED** the motion is **GRANTED** as follows:

1) The Deposition of Mr. Hoagland is not entitled to protection under the "apex deposition" doctrine and shall proceed forthwith.

1

1      2) The document request relating to defendants'
2  advertisements for "no closing costs loans" shall be produced
3  by September 11, 2007.
4  Dated: August 22, 2007

                                      Bernard Zimmerman
                                United States Magistrate Judge

9  G:\BZALL\-REFS\CARIAS\DISCOVERY.ORDER.Fries.wpd



## The Davis Law Firm.
### A Professional Law Corporation

James Smith
Email Address: jsmith@sfdavislaw.com
Direct Dial: (415) 278-1412
Direct Fax: (415) 278-1413

June 21, 2007

**VIA FACSIMILE**

Magistrate Judge Bernard Zimmerman
United States District Court
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

        Re:    *Carias, et al. v Lenox Financial Mortgage Corporation, et al.*
              U.S. District Court (N.D. Cal.) Case No. 3:07-cv-00083 SC

Dear Judge Zimmerman:

        Pursuant to the Court's order, below is the position of Defendant Lenox Financial Mortgage Corp. in response to Plaintiff Eduardo Carias' motion to compel the deposition of the President of Lenox Financial and further production of documents. Plaintiff Eduardo Carias accuses Lenox of false advertising and unfair competition, has brought this an action on his own behalf and also seeks to be a class representative. Defendant has filed a motion for partial summary judgment. Plaintiff noticed the deposition of President and Founder of Lenox Financial Wesley Hoagland and also served requests for production. Lenox objected to the deposition request and is in dispute concerning 5 production requests.

Deposition of the President of Lenox Financial

        Plaintiff is not entitled to the "apex deposition" of Mr. Hoagland because (1) as a matter of law Mr. Hoagland possesses no personal knowledge relevant to the dispositive issues at the summary judgment stage, and (2) less intrusive means of discovery have yet to be exhausted.

        High ranking corporate and government officials without relevant personal knowledge are entitled to protection from unnecessary deposition requests. *Kyle Engineering Co. v. Kleppe* (9th Cir. 1979) 600 F.2d 226, 231. "Apex depositions" that cut to the top of the corporate pyramid are inappropriate when the requested deponent would only provide repetitive testimony. *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir.1979). Here, Plaintiff's action is based on California's False Advertising and Unfair Competition laws. The standards applied in these cases to measure the critical element, likelihood of deception, is that of "the ordinary consumer acting reasonably under the circumstances." *Lavie v. Procter & Gamble* (2003) 105 Cal. App. 4th 496, 512. Therefore, nothing relevant can be obtained from deposing Mr. Hoagland, other than class-related discovery issues – which should be postponed until after a hearing of Defendant's summary judgment motion – because the substantive claims are based on an objective standard rather than the subjective beliefs of the Defendant. Lenox is willing to stipulate that the ad is authentic and the words in the ad were spoken, which are the only

legitimate reasons for wanting to depose him concerning the ad at issue. Mr. Hoagland was not involved in the transaction with Plaintiff, never spoke to him, and played no role in his refinancing. All other information is simply irrelevant at this stage.

Additionally, Plaintiff has not exhausted less intrusive forms of discovery. Even where generalized theoretical reasons exist to depose a company's President, it is more appropriate to propound written interrogatories first and then demonstrate why an oral deposition is still necessary. *Mulvey v. Chrysler Corp.* (D.R.I. 1985) 106 F.R.D. 364, 366.

Request for Production No. 5

Defendant objects to Plaintiff's request for "All scripts and audio of all radio advertising placed by Lenox in California" because it is irrelevant and goes beyond the permissible discovery for this litigation. Plaintiff is essentially seeking a free audit of every commercial ever placed in California. This request has no relevance because Plaintiff has not alleged that any person listened to any other advertisement and suffered any harm as a result. The Complaint alleges other members of the purported class entered into loan transactions with Lenox after "receiving substantially the same advertisement" as Plaintiff. Complaint, at ¶ 21. Defendant Lenox offered to produce all substantially similar advertisements, which Plaintiff has declined. Plaintiff is not entitled to irrelevant ads which will not lead to the discovery of relevant evidence and which will not make any fact of relevance more or less probable. FRE 403; *United States v. Boulware* (9th Cir. 2004) 384 F.3d 794, 805.

Request for Production No. 14

Lenox believes the dispute has been resolved through meet and confer with respect to communications between Lenox and LSI. Lenox will file a supplemental response confirming it has produced all documents related to RFP No. 14 except communications concerning individual transactions (although including those transactions specifically concerning Plaintiff Carias).

Requests for Production Nos. 16, 17 and 18.

Lenox believes the dispute has been resolved through meet and confer with respect to these requests. Lenox could only satisfy these requests by physically mining each individual transaction file, clearly oppressive and burdensome. However, LSI does track this information and has agreed to identify it for Plaintiff in accordance with these three requests for production, and Lenox anticipates that it will stipulate that the information provided by LSI is accurate.

If the Court wishes any further briefing of any of these issues before the scheduled conference on this matter, please do not hesitate to contact me.

Very truly yours,

James Smith

Cc: Arthur Levy
    Ben Suter

## The Davis Law Firm
*A Professional Law Corporation*

625 Market Street. 12th Floor San Francisco, CA 94105
Telephone (415) 278-1400 • Facsimile (415) 278-1401

# Fax

August 17th, 2007

| TO: | FACSIMILE: | TELEPHONE: |
|---|---|---|
| **Magistrate Judge Zimmerman** | 415.522.4694 | 415.522.2015 |
| **Arthur D. Levy** | 415.433.7311 | 415.433.4949 |
| **Ben Suter, Esq.** | 415.981.0136 | |
| | | |
| **FROM:** | **DIRECT DIAL** | **OUR REF.** |
| James Smith | 415.278.1412 | 2997.016 |

**RE:** *Carias, et al. v. Lenox Financial Mortgage Corporation, et al.*

TOTAL NUMBER OF PAGES (INCLUDING COVER PAGE):    3

---

**MESSAGE:** Please See Attached.

{00014650}    THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

IF YOU DO NOT RECEIVE ALL PAGES CALL (415) 278-1400.

12552

# LEVY, RAM & OLSON LLP
ATTORNEYS

August 16, 2007

**BY HAND**

Honorable Bernard Zimmerman
Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    Carias v. Lenox Financial
               Case No. C07-0083 SC (BZ)

Dear Judge Zimmerman:

      In compliance with your Initial Discovery Order of August 14, 2007, I am submitting this letter on behalf of the moving party, plaintiff Eduardo Carias.

      In late 2005, Mr. Carias responded to a radio advertisement by defendant Lenox Financial Mortgage Corporation advertising home refinance loans. Among other things, the ad stated "If you walk in with a $200,000 loan, you're gonna leave with a $200,000 loan. Nothing is rolled in the loan. We'll pay for your appraisal, title, escrow, everything."

      Mr. Carias was interested in reducing his home payments through a lower interest rate and contacted Lenox. Lenox arranged a refi loan for Mr. Carias's condominium unit. Lenox placed Mr. Carias in a "Payment Option ARM" loan product. Plaintiff alleges that this new mortgage was unsuitable to his situation and needs, did not lower Mr. Carias's monthly payments, and yet cost Mr. Carias over $8,000 in prepayment penalties, among other costs.

      Plaintiff filed this case as a class action, also alleging that Lenox's advertising is deceptive under the California Unfair Competition Law and False Advertising Law. Plaintiff and other customers in fact did pay refinance expenses on Lenox-arranged loans, and those that Lenox paid were deceptively rolled into a higher interest rate and other unfavorable loan terms.

      Plaintiff also alleges as a class claim that Lenox and co-defendant LSI Title had an illegal referral arrangement in violation of RESPA, under which Lenox agreed to refer volume title and escrow business to LSI in exchange for illegally low title insurance rates.

639 Front Street, Fourth Floor      San Francisco, California 94111-1913

Telephone (415) 433-4949      Email firm@lrolaw.com      Facsimile (415) 433-7311

# LEVY, RAM & OLSON LLP

Honorable Bernard Zimmerman
August 16, 2007
Page 2


    Both Lenox and LSI responded almost immediately to this case with summary judgment motions. To respond to these motions, plaintiff noticed the deposition of Wesley Hoaglund, the President of Lenox. Mr. Hoaglund's deposition is needed to oppose summary judgment not only because he has the most definitive information about Lenox's actual business practices with respect to the cost-free loans it advertises, but also because he was personally responsible for setting up Lenox's title and escrow relationship with LSI.

    The discovery dispute with Lenox also includes production of Lenox's radio scripts of its radio advertising to support plaintiffs' class certification motion on the issue of commonality, the completeness of Lenox's production of communications between LSI and Lenox, and Lenox's production volume data regarding Lenox title order referrals to LSI.

    Lenox's counsel, James Smith, and I conferred again yesterday, this time in person after the conclusion of a deposition in the case. The transcript of our meet and confer is attached. Per your Order of yesterday, I will initiate the telephone conference call at 9:00 a.m. next Tuesday.

                                     Respectfully submitted,

                                     Arthur D. Levy

ADL:cfp
Encl.

cc:      James Smith (by email)
           Ben Suter (by email)
           Jeffrey Cereghino (by email)
           Steven Weinmann (by email)