United States District Court / For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CARIAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LENOX FINANCIAL MORTGAGE CORPORATION; LSI TITLE COMPANY; and DOES 1 through 25,<br><br>    Defendants. | Case No. 07-0083 SC<br><br>ORDER DENYING DEFENDANT LENOX FINANCIAL MORTGAGE CORPORATION'S MOTION FOR PARTIAL SUMMARY <u>JUDGMENT</u> |

**I.**    **INTRODUCTION**

This matter comes before the Court on the Motion for Partial Summary Judgment by the defendant Lenox Financial Mortgage Corporation ("Lenox" or "Defendant"). See Docket No. 36. Plaintiff Eduardo Carias filed an Opposition and Defendant submitted a Reply. See Docket Nos. 61, 68. For the following reasons, the Court DENIES Defendant's Motion.

**II.**    **BACKGROUND**

Lenox, a loan broker, aired the following advertisement on the radio: "If you're paying a single dime at closing when you refinance your home or purchasing [sic] a new one, it's too much. . . . We'll pay for your appraisal, title, escrow, everything. . . ." Mot. at 2-3. Plaintiff heard this and refinanced his home-loan with Lenox.

After discovering that the new loan was allegedly different than what Lenox had promised, Plaintiff filed the present class action in California state court, alleging breach of fiduciary duty, violations of California's Business and Profession's Code, fraud, and violation of the Federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2607. Defendants removed the case to federal court.

**III. DISCUSSION**

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim. Anderson, 477 U.S. at 247-49.

Defendant has moved for partial summary judgment on Plaintiff's false advertising, fraud and breach of fiduciary duty

2

claims and on the issue of whether Defendant improperly charged Plaintiff "closing costs."  The Court finds that triable issues of fact exist as to all of these claims and therefore denies Defendant's Motion.

**IV.    SCHEDULING**

The Court hereby vacates the existing discovery cut-off date, the date for the last day for motions, the pre-trial date, and the existing trial date.  A new trial-setting conference is scheduled for April 25, 2008, at 10:00 a.m. in Courtroom # 1 on the 17th floor.

**V.     CONCLUSION**

For the reasons stated above, Defendant's Motion for Partial Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated: January 28, 2008

UNITED STATES DISTRICT JUDGE