UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CARIAS, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LENOX FINANCIAL MORTGAGE CORPORATION; LSI TITLE COMPANY; and DOES 1 through 25, <br><br> Defendants. | Case No. 07-0083 SC <br><br> ORDER GRANTING DEFENDANT LSI TITLE COMPANY'S MOTION FOR <u>SUMMARY JUDGMENT</u> |

## I. INTRODUCTION

This matter comes before the Court on the Motion for Summary Judgment ("Motion") by the defendant LSI Title Company ("LSI" or "Defendant"). See Docket No. 24. Plaintiff Eduardo Carias filed an Opposition and LSI submitted a Reply. See Docket Nos. 65, 71. The Court previously denied a Motion for Partial Summary Judgment submitted by the defendant Lenox Financial Mortgage Corporation ("Lenox"). See Docket No. 91. For the following reasons, the Court GRANTS LSI's Motion.

## II. BACKGROUND

Lenox, a loan broker, aired the following advertisement on the radio: "If you're paying a single dime at closing when you refinance your home or purchasing [sic] a new one, it's too much.

. . . We'll pay for your appraisal, title, escrow, everything. . . ." Plaintiff heard this and refinanced his home-loan with Lenox. Included in the closing costs was a lender's title insurance premium. Notice of Removal, Docket No. 1, Ex. A ("Compl.") ¶ 16. LSI, a title agent, provided this title insurance. Mot. at 4. LSI issued the lender's title insurance policy to Lenox in the amount of $288,000 and LSI charged a rate of $350 for this policy. Id.

Plaintiff alleges that the new loan provided by Lenox was substantially different than what had been initially promised. In particular, Plaintiff alleges that Lenox had represented that the new loan would have a monthly payment of $993.95 per month with no negative amortization and that Plaintiff would pay no closing costs. In actuality, Plaintiff alleges that he was charged $444 in closing costs and that in order to maintain an interest-only loan with no negative amortization, he needed to pay $1,796.04 per month. This figure is not only substantially greater than the $993.95 that Plaintiff alleges Lenox initially offered, but this amount is also more than what Plaintiff had previously been paying on his monthly payments for his pre-existing, interest only loan. Finally, Plaintiff alleges that by the second month of the new loan, the interest rate was adjusted significantly upward.

Plaintiff then filed the present class action in California state court, alleging breach of fiduciary duty, violations of California's Business and Profession's Code, fraud, and violation of the Federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Defendants timely removed the case to

1 federal court. See Docket No. 1. Plaintiff's claim against LSI is centered on the allegation that LSI provided Lenox with discounted title insurance premiums in exchange for business referrals from Lenox.

**III. DISCUSSION**

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim. Anderson, 477 U.S. at 247-49.

LSI has moved for summary judgment on all four of Plaintiff's claims. The Court addresses each in turn.

**A. Breach of Fiduciary Duty**

Plaintiff does not allege that LSI breached its fiduciary duty. Instead, Plaintiff argues that LSI "aided, abetted, agreed

3

and conspired with the Lenox Defendants in committing breach of fiduciary duty . . . ." Compl. ¶ 31.

To allege a claim for civil conspiracy, a plaintiff must present "evidence of three elements: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. As is well established, civil conspiracy is not an independent tort." Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (Ct. App. 1995).

Plaintiff has produced evidence indicating that LSI gave favorable rates to Lenox in an effort to ensure that Lenox did not take its business to a competitor of LSI. For example, Plaintiff has presented evidence that the CEO of Lenox had told LSI that LSI had to match the rates of a competitor, which at the time were between $325 and $450, if LSI wished to continue to do business with Lenox. See Levy Decl. Ex. 12, Dep. of Lenox CEO Wesley Hoaglund, at 94-96. Plaintiff, however, has presented no evidence that LSI intended to help Lenox breach a fiduciary duty owed by Lenox to Plaintiff. "The sine qua non of a conspiratorial agreement is the knowledge on the part of the alleged conspirators of its unlawful objective and their intent to aid in achieving that objective." Id. at 1582 (internal quotation marks omitted). As Plaintiff has presented no evidence that LSI had any knowledge of or intent to aid Lenox's alleged breach of fiduciary duty, the Court GRANTS LSI's Motion for Summary Judgment on Plaintiff's First Cause of Action for Breach of Fiduciary Duty.

///

4

## B. Violations of California Business and Professions Code

Plaintiff's Second Cause of Action contains no factual allegations that LSI violated California Business and Professions Code section 17200 and 17500. These allegations are directed solely against Lenox. The Court therefore GRANTS LSI's Motion for Summary Judgment on Plaintiff's Second Cause of Action.

## C. Fraud

Plaintiff's Third Cause of Action alleges that Lenox made "false, deceptive, and misleading" statements regarding Plaintiff's new home-loan. Compl. ¶¶ 39, 40. Plaintiff makes no allegations against LSI regarding fraudulent conduct. LSI's Motion for Summary Judgment on Plaintiff's Third Cause of Action for fraud is therefore GRANTED.

## D. Real Estate Settlement Procedures Act

Plaintiff's Fourth Cause of Action alleges that both Defendants violated RESPA. In particular, Plaintiff alleges that LSI and Lenox agreed that LSI would charge Lenox discounted title insurance premiums and in exchange Lenox would refer title business to LSI.

Section 2607(a) of RESPA states, in part, the following:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a). RESPA also provides that "[a]ny person . . . who violates the prohibitions . . . of this section shall be

5

jointly and severally liable to the person . . . charged for the settlement service involved in the violation . . . ." Id. § 2607(d)(2). Title insurance is a "real estate settlement service." 12 U.S.C. § 2602(3). "Thing of value" is broadly defined and includes "discounts, . . . the opportunity to participate in a money-making program, . . . [and] services of all types at special or free rates." 24 C.F.R. § 3500.14(d). The term "payment" is synonymous with "the giving or receiving of any 'thing of value' and does not require transfer of money." Id. "An agreement or understanding for the referral of business incident to or part of a settlement service need not be written or verbalized but may be established by a practice, pattern, or course of conduct." Id. § 3500.14(e). "When a thing of value is received repeatedly and is connected in any way with the volume or value of the business referred, the receipt of the thing of value is evidence that it is made pursuant to an agreement or understanding for the referral of business." Id.

Plaintiff's RESPA claim fails for a number of reasons. To begin, Plaintiff alleges that he was charged the $350 title insurance premium. Line 1108 of Plaintiff's Settlement Statement reads "Title Insurance to LSI $350." Spencer Decl. Ex. A, ("Settlement Statement"). The amount of $350 appears in a column titled "Paid from Borrower's Funds at Settlement." Id. Thus, argues Plaintiff, he was in fact "charged for the settlement service involved in the violation." 12 U.S.C. § 2607(d)(2). It is undisputed, however, that Lenox reimbursed Plaintiff for this charge and that this reimbursement appears on the very same

6

Settlement Statement.  See Settlement Statement.  LSI argues, and the Court agrees, that because Plaintiff was reimbursed, he was not actually "charged" this fee.

Plaintiff, in the alternative, argues that even if he were never directly charged a fee, he nonetheless ultimately paid the costs of the refinance through a higher-interest rate mortgage. In support of this argument, Plaintiff looks to the Order of a district court in Georgia, which held the plaintiff in that case had "incurred the charge for the services in question because she was given a higher interest rate over the life of the loan." McWhorter v. Ford Consumer Fin. Co., 33 F. Supp. 2d 1059, 1067 (N.D. Ga. 1997).  In McWhorter, however, "the undisputed evidence indicate[d] that the higher 1% interest rate that Plaintiff was charged on her loan, over its life, would have equaled the 4% fee that Defendant . . . paid at closing."  Id.  Thus, there was concrete and undisputed evidence that the defendant had manipulated the plaintiff's loan so that the closing costs were in fact embedded in the interest rate.

In the present case, however, Plaintiff has presented no evidence that would create any nexus between the insurance premium fee and the rate of his loan.  Instead, Plaintiff has made the conclusory allegation that he "paid all of the costs of the refinance, including LSI's title premiums, through higher interest."  Opp'n at 16.  Such an allegation, without substantiating evidence, is simply too tenuous to withstand a motion for summary judgment.

Whether the refinance transaction between Lenox and Plaintiff

7

involved abuses, as Plaintiff alleges, is one question.  Whether Plaintiff was injured, or even affected, by the discounted rates LSI allegedly offered Lenox is something else altogether.  Even if Plaintiff's theory that he was eventually forced to repay this title insurance fee through the higher interest rates of his loan were viable, Plaintiff still has produced no evidence that this was the case in the present action.  In short, the transaction between LSI and Lenox is irrelevant to Plaintiff's lawsuit.

For these reasons, LSI's Motion for Summary Judgment on Plaintiff's Fourth Cause of Action is GRANTED.

## IV. CONCLUSION

For the reasons stated above, LSI's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: February 8, 2008

_____
UNITED STATES DISTRICT JUDGE