United States District Court / For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CARIAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LENOX FINANCIAL MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 07-0083 SC<br><br>ORDER REMANDING TO <u>STATE COURT</u> |

## I. **INTRODUCTION**

Federal courts are obligated to raise and decide issues of subject matter jurisdiction <u>sua sponte</u> any time it appears subject matter jurisdiction is absent. Fed. R. Civ. P. 12(h)(3); <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir. 1983). Upon review of the parties' papers and the Court's prior Orders in this action, the Court FINDS that federal subject matter jurisdiction no longer exists. Although the Court may exercise its discretion and exercise pendent jurisdiction over the remaining state law claims, it declines to do so and hereby REMANDS the action to the Contra Costa County Superior Court.

///

///

///

## II. BACKGROUND

The facts of this case have been extensively briefed by both parties and have been recited in this Court's previous Orders. See Docket Nos. 91, 92. The parties' familiarity with the facts is therefore assumed and the Court discusses only those facts relevant to this Order.

The plaintiffs Eduardo Carias and all others similarly situated ("Plaintiffs") filed their initial Complaint in Contra Costa County Superior Court, naming as defendants Lenox Financial Mortgage Corporation ("Lenox") and LSI Title Corporation ("LSI"). See Notice of Removal, Docket No. 1. Lenox and LSI then removed the action to federal court. Id. Removal was proper as this Court had federal subject matter jurisdiction pursuant to Plaintiffs' claim brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.

After removal, LSI and Lenox filed separate summary judgment motions. Docket Nos. 25, 36. The Court denied Lenox's Motion and later granted LSI's Motion. LSI, therefore, is no longer a party to the action and Lenox is the sole remaining Defendant. Still pending before the Court is Plaintiff's Motion for Class Certification ("Motion"). Docket No. 75. Lenox opposed the Motion and Plaintiffs submitted a Reply. See Docket Nos. 84, 88. Before reaching the issue of class certification, however, the Court must consider, sua sponte, whether federal subject matter jurisdiction still exists, and, if it does not, whether the Court should exercise its discretion and permit the state law claims to proceed under pendent jurisdiction.

2

## III. LEGAL STANDARD

If removal is based on a federal claim and this claim is later eliminated, the federal court retains jurisdiction to adjudicate the remaining state claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988). However, "[i]t is generally within a district court's discretion [following final disposition of all federal claims] either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991); see also 28 U.S.C. § 1447(c). Moreover, "it is generally preferable for a district court to remand remaining pendent claims to state court . . . ." Herrell, 934 F.2d at 205. In determining whether to remand or retain jurisdiction, a court may consider "what will best accommodate the values of economy, convenience, fairness, and comity." Id. (internal quotation marks omitted).

## IV. DISCUSSION

### A. Federal Subject Matter Jurisdiction

The threshold issue for the Court is whether federal subject matter jurisdiction now exists. Dispositive for this issue is whether Plaintiffs' RESPA claim has survived both summary judgment motions. In granting LSI summary judgment, the Court held that Plaintiffs' RESPA claim "fail[ed] for a number of reasons." Order Granting Def. LSI Title Co.'s Mot. for Summ. J. ("LSI Order"), at 6. Defendant Lenox, in its Motion for Summary Judgment, did not address the RESPA claim, and, therefore, when the Court issued an Order denying summary judgment for Lenox, the Court did not

3

address the RESPA claim. See Order Denying Def. Lenox Financial Mortgage Corp.'s Mot. for Summ. J. ("Lenox Order"). In the LSI Order, however, the Court analyzed the RESPA claim in relation not only to LSI but also to Lenox. See LSI Order at 5. The Court stated, "Plaintiff's Fourth Cause of Action alleges that both Defendants violated RESPA. In particular, Plaintiff alleges that LSI and Lenox agreed that LSI would charge Lenox discounted title insurance premiums and in exchange Lenox would refer title business to LSI." Id. In summarily adjudicating the RESPA claim against Plaintiffs in the LSI Order, the Court also necessarily found that the RESPA claim failed against Lenox. See id. at 6-8. Plaintiffs' RESPA claim was based on an alleged collaboration between Lenox and LSI. In LSI's Order, the Court found that Plaintiffs had failed to present any evidence indicating that Plaintiffs were affected by the discounted rates LSI allegedly offered Lenox. See LSI Order at 8. Thus, for the same reasons that Plaintiffs' RESPA claim failed against LSI, it also failed against Lenox. Because the RESPA claim has been summarily adjudicated against Plaintiffs, the Court FINDS that there is no longer federal subject matter jurisdiction.

**B. Pendent State Law Claims**

The Court declines to exercise pendent jurisdiction over the state law claims and remands the action to state court. The Court finds that the issues of economy, convenience, fairness and comity collectively weigh in favor of remand. See Herrell, 934 F.2d at 205. Comity weighs especially strong, given that the remaining claims are pure state law claims with no connection to federal

4

law.  Economy also weighs in favor of remand as state courts are better equipped to efficiently handle state law claims.  In addition, although the Court recognizes that both parties have briefed the issue of class certification in this Court, the Court is confident that much, if not all, of the analysis in the parties' papers will apply in a state court class certification procedure.  Finally, neither party will be unduly inconvenienced by remand and the Court cannot envision how notions of fairness would in any way be impacted.  To the contrary, Plaintiffs initially filed their Complaint in state court and remand will restore their choice of forum.  For these reasons, the Court REMANDS the action to the Contra Costa County Superior Court.

## V.  CONCLUSION

For the reasons stated herein, the Court REMANDS the present action to the Superior Court of Contra Costa County.

IT IS SO ORDERED.

Dated: March 5, 2008

---
UNITED STATES DISTRICT JUDGE